IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01686–RM–KMT

BELICE PLIEGO on her own behalf and on behalf of all others similarly situated,

    Plaintiff,

v.

LOS ARCOS MEXICAN RESTAURANTS, INC., d/b/a Los Arquitos Mexican Restaurant, Los Arquitos, Los Arquitos, Inc., Los Arcos, Inc. and Los Arcos Mexican Restaurant,
AMR-LONE TREE, INC., d/b/a Los Arcos Mexican Restaurant,
AMR-WESTLAND, INC.,
JUAN LUEVANO,
IGNACIO LUEVANO,
RAMON LUEVANO,
SANDRA LUEVANO, and
LIZ LUEVANO,

    Defendants.

**ORDER**

This matter is before the court on the "Plaintiff's Motion to Proceed as a Collective Action, for Court Authorized Notice and for Disclosure of the Names, Addresses and Dates of Employment of the Potential Opt-in Plaintiffs" [Doc. No. 2] ("Mot.") filed June 17, 2014. Defendants filed a Response on July 27, 2015 [Doc. No. 67] and Plaintiff replied on July 30, 2015 [Doc. No. 68]. In their Response, Defendants stipulate to the relief requested by Plaintiff except for certain requests to modify the Notice to be sent to the putative collective class members including that the Notice be clarified that potential plaintiffs are not obligated to accept

Ms. Pliego's choice of counsel and that the Notice need only be provided in one pay envelope of current employees and not be posted in the restaurants.

## I.  JURISDICTION

Jurisdiction is proper under 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 216(b) (Fair Labor Standards Act), and 28 U.S.C. § 1367 (supplemental).

## II.  STANDARD OF REVIEW

This case involves alleged violations of the wage provisions of the Fair Labor Standards Act ("FLSA" or "the Act"). The plaintiffs seek to pursue a collective action under the Act on behalf of themselves and other similarly situated current and former employees of the defendants, Los Arcos Mexican Restaurants, Inc., d/b/a Los Arquitos Mexican Restaurant, Los Arquitos, Los Arquitos, Inc., Los Arcos, Inc. and Los Arcos Mexican Restaurant, AMR-Lone Tree, Inc., d/b/a Los Arcos Mexican Restaurant, AMR-Westland, Inc., Juan Luevano, Ignacio Luevano, Ramon Luevano, Sandra Luevano, and Liz Luevano (collectively "Los Arcos Defendants"). Section 216(b) of the FLSA provides the exclusive means of bringing such class-wide claims to redress alleged violations of the FLSA. *See* 29 U.S.C.A. § 216(b); *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 678–79 (D. Kan. 2004). Contrary to the procedures governing a typical class action under Rule 23, plaintiffs who wish to participate in a FLSA collective action must opt-in to the action. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *In re American Family Mutual Insurance Co. Overtime Pay Litigation*, 638 F. Supp. 2d 1290, 1298 (D. Colo. 2009).

A collective action under the FLSA may be maintained only by and among employees who are "similarly situated." The Tenth Circuit has adopted a two-step analysis governing this determination. At the initial "notice stage," the trial court must determine whether plaintiffs have made "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001), cert. denied, 122 S. Ct. 2614 (2002) (citation and internal quotation marks omitted). The court makes this determination relying on the allegations of the complaint and any affidavits filed by Plaintiff. *Brown*, 222 F.R.D. at 680. Certification at this step is conditional, and the standard of proof "is a lenient one that typically results in class certification," allowing notice to be sent to the putative class members and discovery to be undertaken. *Id*. at 679.

After discovery is complete, the second, or "decertification," stage occurs. At that point, the court applies a much stricter standard to determine whether class members are similarly situated and, consequently, whether the action should continue as a collective action. In making that determination, the court must evaluate, *inter alia*, "the disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendants which appear to be individual to each plaintiff; fairness and procedural considerations; and whether plaintiffs made any required filings before instituting suit." *Brown*, 222 F.R.D. at 679 (citing *Thiessen*, 267 F.3d at 1103).

### III. FACTS

In her Complaint ("Compl.") [Doc. No. 1], Plaintiff alleges that, "Defendants refused to pay their hourly employees overtime wages for hours worked beyond forty each workweek." (Compl. at ¶ 2 ). Plaintiff further alleges that, "[t]hough Defendants' hourly employees regularly

3

worked more than 40 hours per week, Defendants refused to pay them overtime premiums." *Id.* at ¶ 19.  Plaintiff goes on to allege that, "[r]ather than pay overtime premiums to their hourly employees, Defendants paid their hourly employees at their regular hourly rates for hours worked beyond forty each workweek," *id.* at ¶ 20, and that "Defendants subjected all their hourly employees to this policy of refusing to pay overtime wages for overtime hours worked." *Id.* at 22.

In her affidavit attached to the Motion, Plaintiff Pliego states that she worked as a server and head server for Defendants from approximately February 15, 2007 through November 15, 2013.  (Mot., Ex. 1, Pliego Declaration, ¶ 3.)  Plaintiff Pliego states that she "worked overtime hours for Defendants throughout [her] tenure of employment" and that she was never paid overtime premiums "for the hours beyond forty (40)" that she worked in any given work week. *Id.* at ¶ 4.  Plaintiff Pliego also states that Defendants never paid overtime premiums to any of their hourly employees, basing her knowledge on conversations she had with other hourly employees throughout her employment with Defendants including with: 1) Elizabeth Esther Martinez, a fellow Los Arcos server, who confirmed to Plaintiff that she too worked overtime hours and was not paid overtime rates; 2) Ariel LNU, a cook from the Westminster location who also told Plaintiff that he was not paid overtime rates for overtime hours worked at Los Arcos; and, 3) Rodolfo LNU, an hourly employee who also told Plaintiff that he was not paid overtime premiums for overtime hours work at Los Arcos. *Id.* at ¶ 5.

## IV. ANALYSIS

### A. Certification of Collective

The plaintiff seeks conditional certification under the first step of the two step analysis described in *Thiessen*. The plaintiff's burden now is merely to present "substantial allegations " that all members of the putative class were subject to a single decision, policy or plan. *See Thiessen*, 267 F.3d at 1102 (emphasis added). Looking solely to the allegations of the complaint and the affidavit of plaintiff Belice Pliego, this court finds and concludes that plaintiffs have satisfied the minimal burden necessary to the conditional certification of a collective action under § 216(b). Plaintiff makes substantial allegations that all of the putative class members were together the victims of Defendants' policy of refusing to pay their employees overtime wages for overtime hours worked. Plaintiff provides evidence confirming that all Defendants' hourly employees are similarly situated in that they were uniformly subject to Defendants' unlawful refusal to pay their employees overtime premiums. The plaintiff's allegations, if true, show that current and/or former employees of the defendants are similarly situated, as that term is used in § 216, and subject to a single uniform policy or practice with regard to the payment of overtime wages. The plaintiff's allegations concerning other employees who allegedly are similarly situated are sufficient. As stated in the complaint, the plaintiff's allegations that employees routinely were not paid as required by law are sufficient to allege a uniform policy or practice.

The plaintiff's proposed notice [Doc. No. 2-2] to potential plaintiffs in a collective action contains a reasonably narrow description of the group of similarly situated employees for which the plaintiff seeks to pursue a collective action. In the proposed notice, the plaintiffs describe the

group of employees on behalf of which the plaintiffs seek to sue as: "All hourly employees who worked on or after June 17, 2011 and who were not paid overtime premiums for overtime hours worked." Given this description and the allegations in the complaint, it is unnecessary to require the plaintiff to produce further evidence about potential plaintiffs at this time.

### B. Provisions in the Notice

Two issues need to be addressed by the court with respect to the Notice proposed by Plaintiff. First Defendants argue that language should be added to the Notice indicating that class members who choose to opt-in to this action may hire their own counsel or be represented by Plaintiff's counsel. Plaintiff agrees to the inclusion of such language. (Reply at 1.) The parties shall agree upon the proper placement of this sentence. Plaintiff's counsel shall prepare a modified Notice which shall be approved by Defendants' counsel prior to mailing.

Second, Defendants object to placement of the Notice in two consecutive pay envelopes of all putative class members currently employed by Defendants and to posting the Notice in English and Spanish in conspicuous places in their restaurants. The court agrees with Plaintiff that it is important to take all reasonable steps to ensure the efficacy of the Notice, especially in a FLSA case regarding proper wage payments and that notice should be accomplished in the most efficient way possible. *Chavez v. Excel Services Southeast, Inc.*, No. 13-cv-03299-CMA-BNB, 2014 WL 4651997, *3 (Sept. 18, 2014) (citing *Carrillo v. Schneider Logistics, Inc.*, CV-11-8557 CAS DTBX, 2012 WL 556309 (C.D. Cal. Jan. 31, 2012) (In the context of a low-wage worker case, the court ordered defendants to include court-approved notice in current employees' pay envelopes to ensure the effectiveness of the notice.). This court finds that inclusion of the Notice in two pay cycles will help to ensure the efficacy of the Notice and is not an undue burden on

Defendants. Further, the Notice should be posted at the restaurants in a place conspicuous to employees but does not need to be visible to clientele of the restaurants.

With the modification discussed above, then, I approve the proposed form of notice and the proposed consent to join forms submitted by the plaintiffs [2-2]. Any and all consent to join forms shall be returned to plaintiffs' counsel no later than 90 days from the date of this order.

### V.     ORDERS

IT IS **ORDERED** as follows:

1. The "Plaintiff's Motion to Proceed as a Collective Action, for Court Authorized Notice and for Disclosure of the Names, Addresses and Dates of Employment of the Potential Opt-in Plaintiffs" [Doc. No. 2] is GRANTED on the terms stated in this Order.

2. This case is conditionally certified to proceed as a "collective action" under 29 U.S.C. § 216(b) and the class is defined as: "All hourly employees who worked on or after June 17, 2011 and who were not paid overtime premiums for overtime hours worked";

3. The Notice of Lawsuit, as it will be modified by agreement set forth herei, is approved;

4. Defendants shall produce, within fourteen (14) days of this Order, a computer readable data file in an agreed format, containing the names, addresses, telephone numbers and dates of employment of the potential class members so that Plaintiff may deliver the Notice in a timely fashion;

5. The "opt-in period" shall commence fourteen (14) days after Defendants produce the requested data file containing information pertaining to potential class members, so as to provide Plaintiff's counsel with adequate time to prepare and send the Court's approved Notice;

6.      Plaintiff shall deliver the Notice in English and Spanish and a postage paid return envelope addressed to Plaintiff's counsel to all potential class members via first-class U.S. Mail;

7.      The "opt-in period," shall be sixty (60) days beginning on the date the Notices are mailed during which potential class members may choose to opt-in to this suit by returning a signed Consent Form to Plaintiff's counsel;

8.      On the first pay period following the start of the opt-in period and on the next consecutive pay period following, Defendants shall include a copy of the Notice in English and Spanish in the pay envelopes of all putative class members currently employed by Defendants;

9.      Defendants shall post the Notice in English and Spanish in conspicuous places where all employees may see at their places of business and that Notice shall remain posted throughout the opt-in period..

Dated this 31st day of July, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge